IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES MICHAEL HALL )<br>INMATE # 03766-036 )<br>USP TERRE HAUTE )<br>P.O. BOX 33 )<br>TERRE HAUTE IN 47802 )<br>)<br>v.                                                                    )<br>)<br>BILL E. WHALEN, JR. )<br>955 AIRPORT RD., APT. 223 )<br>DESTIN, FLORIDA 32541-2816 )<br>)<br>and                                                                )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>          Defendants            ) | Case # 2:21-CV-140 |

## ***PETITION***

### **A. Preliminary Statement**

Comes now Charles Michael Hall, and pursuant to the laws of the State of Indiana, and 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act, hereinafter referred to as the FTCA does bring this action for certain tortious conduct committed against him by the named defendant.

### **B. Jurisdictional Statement**

1. This Court has jurisdiction over the Counts of this action because the amount in controversy exceeds the sum of $75,000, 28 U.S.C. § 1332(a), and

1

because the Plaintiff and the Defendant are citizens of different states 28 U.S.C. § 1332(a)(1).

2. This cause of action is also brought pursuant to the FTCA, and over such matters, this Court has jurisdiction per the terms of 28 U.S.C. 1346(b)(1) and 28 U.S.C. 1331(a)(1).

3. All of the actions, omissions and events complained of herein took place within the venue of this Court at the United States Penitentiary, Terre Haute, Indiana, hereinafter referred to as "USP Terre Haute" or at Union Hospital, 1606 N. 7th St., Terre Haute, Indiana 47804, and in particular a special unit of Union Hospital maintained and used for hospital treatment of USP Terre Haute inmates, which will hereinafter be referred to as the "Union Hospital Special Unit".

## C. Identification of the Parties and Statement of Facts

1. USP Terre Haute is a prison facility owned by the United States of America and operated by the Federal Bureau of Prisons, hereinafter referred to as the "BOP", through BOP employees, in order to safely and securely house Federal inmates convicted of crimes against the United States.

2. Through a contractual agreement between the United States of America and Union Hospital, 1606 N. 7th St., Terre Haute, Indiana 47804, Union Hospital is used for required hospital treatment of USP Terre Haute inmates. USP Terre

Haute inmates who are patients at Union Hospital are provided bedspace in the Union Hospital Special Unit.

    3. Plaintiff Charles Michael Hall, hereinafter referred to as either "Mr. Hall" or "Hall", currently is, and at all times relevant to this cause of action was, serving a Federal sentence, and being housed by the BOP at USP Terre Haute.  Mr. Hall's inmate number is 03766-036.

    4. Defendant Bill E. Whalen, Jr., hereinafter referred to as "Officer Whalen", currently is retired from the employ of the BOP, and at all times relevant to this cause of action was a correctional officer in the employ of USP Terre Haute, and was responsible for the safe care and custody of USP Terre Haute inmates, including Mr. Hall.

    5. Mr. Hall currently is, and at all times relevant to this cause of action was, afflicted with Crohn's disease, having been first diagnosed with the condition in 1993.  Mr. Hall's condition has been described by a health care expert as "a very debilitating, awful illness and my view is the major horrible event of his (Hall's) life that has affected him (Hall) profoundly"  Crohn's disease is an autoimmune disorder which, as suffered in the severe form dealt with by Mr. Hall, resulted in decades of excruciatingly painful inflammation and destruction of the intestinal tract.  During the time prior to and during Mr. Hall's incarceration in the BOP, Mr. Hall has undergone eight major surgeries and many other revision procedures.  The

initial surgeries in the 1990's involved partial removal of the colon, stitching closed the rectum, and creation of a colostomy through the abdominal wall to allow for waste elimination from the stoma into a bag.  In the years since, as the disease "marches up the GI tract", there was surgical removal, piece after piece, of the diseased digestive tract, including all of large intestine (colon) and a goodly part of the small intestine (ileum).

      6. At all times relevant to this cause of action, Mr. Hall has been and is dependent, for disposal of intestinal waste, upon an ileostomy, which has involved placement of a stoma of the ileum through Mr. Hall's abdominal wall.

      7. Prior to July 1, 2019, Officer Whalen had engaged in multiple incidents of threats and acts of assault and battery.

      8. On July 1, 2019, Mr. Hall was hospitalized at the Union Hospital Special Unit and was receiving necessary medical treatment.  Officer Whalen was one of the officers assigned to provide safe custody and care for Mr. Hall at that time.

      9. At approximately 2:30 PM on July 1, 2019, Mr. Hall was laying in a hospital bed in the Union Hospital Special Unit.  Because of the illness for which Mr. Hall was being treated, Mr. Hall was in a particularly weakened state.  Mr. Hall was shackled to his bed and Mr. Hall was saying nothing.  At that time, Officer Whalen walked up to Mr. Hall and began striking Mr. Hall with a closed fist, punching Mr. Hall multiple times each on the left side of the face, and into the

ribs, the abdomen and the thighs.  The punches were done with such force that swelling, bruising and severe pain occurred.  Mr. Hall did not strike back, or offer any resistance to the attack committed by Officer Whalen.

10. Within minutes after Officer Whalen's battery on Mr. Hall, as described in subparagraph C-9 above, the battery upon Mr. Hall by Officer Whalen was reported to Lt. Sherman, Officer Whalen's immediate superior.  Lt. Sherman did not act to protect Mr. Hall from Officer Whalen, and did not document the incident or otherwise report the matter to his superiors.  Thereafter, Andrew Sutton, who at that time was the USP Terre Haute Special Confinement Unit Counselor, came to the Union Hospital Special Unit to deliver mail to Mr. Hall, and Mr. Hall reported Officer Whalen's battery to Mr. Sutton.

11. On July 11, 2019, Mr. Hall was awaiting transfer from the Union Hospital Special Unit back to USP Terre Haute.  At that time, Officer Whalen approached Mr. Hall and said to Mr. Hall that he, Whalen, would see Mr. Hall again in the Union Hospital Special Unit and that he, Whalen, at that time, would finish what he, Whalen, started on Mr. Hall.

12. On July 11, 2019, as soon as he returned to USP Terre Haute, Mr. Hall immediately reported to Case Manager Cory Shepherd the incidents described in subparagraphs C-9, C-10 and C-11.  Mr. Shepherd, in turn, made this information known to the higher authorities at USP-Terre Haute.

13. On July 16, 2019, Mr. Hall submitted an administrative remedy grievance specifically raising the matters described in subparagraphs C-9, C-10 and C-11 seeking relief.  On December 23, 2019, final denial of the grievance was reported to Mr. Hall.

14. On January 12, 2020, Mr. Hall submitted an administrative remedy tort claim specifically raising the matters described in subparagraphs C-1 through C-13 and seeking relief.  More than six months have passed without any disposition of that tort claim.

15. For several months after July 11, 2019, Officer Whalen continued to be employed as a correctional officer for USP Terre Haute, and continued to be assigned to work in the Union Hospital Special Unit.  Sometime in 2020, Officer Whalen retired from the BOP.  Mr. Hall did not learn about Officer Whalen's retirement until after the original petition was filed in this Court under case number 2:20-CV-370.

16. Because of Mr. Hall's fear that Officer Whalen would carry through on his, Whalen's, threats of further injury or death to Mr. Hall, and because Officer Whalen continued to be assigned to work in the Union Hospital Special Unit, Mr. Hall refused to go to Union Hospital for necessary medical treatment for his ongoing medical conditions.

## **D. State law Tort Action against defendant Bill E. Whalen, Jr. for intentional inflicton of emotional distress**

    1. Mr. Hall hereby incorporates by reference all of the facts as set forth in the subparagraphs of Section C.

    2. At approximately 2:30 PM on July 1, 2019, Mr. Hall was laying in a hospital bed in the Union Hospital Special Unit. Because of the illness for which Mr. Hall was being treated, Mr. Hall was in a particularly weakened state. Mr. Hall was shackled to his bed and Mr. Hall was saying nothing. At that time, Officer Whalen walked up to Mr. Hall and began striking Mr. Hall with a closed fist, punching Mr. Hall multiple times each on the left side of the face, and into the ribs, the abdomen and the thighs. The punches were done with such force that swelling, bruising and severe pain occurred. Mr. Hall did not strike back, or offer any resistance to the attack committed by Officer Whalen.

    3. On July 11, 2019, Mr. Hall was awaiting transfer from the Union Hospital Special Unit and return to USP Terre Haute. At that time, Officer Whalen approached Mr. Hall and said to Mr. Hall that he, Whalen, would see Mr. Hall again in the hospital and that he, Whalen, at that time, would finish what he, Whalen, started on Mr. Hall.

    4. Officer Whalen committed the acts described in subparagraph D-2 above knowingly and intentionally and in a rude, insolent or angry manner.

5. Officer Whalen committed the acts described in subparagraph D-3 above with the intent to cause severe emotional distress to Mr. Hall.

6. The intentional actions by Officer Whalen as described in subparagraphs D-2 through D-5 above amount to extreme and outrageous conduct in that

- these intentional actions were done by a person who had a duty to provide lawful custody and care to Mr. Hall in a hospital treatment setting, and
- the July 1, 2019 battery coupled with the July 11, 2019 threat to finish the job would be reasonably interpreted as a credible threat to seriously injure or kill Mr. Hall if he returned to the hospital,
- Officer Whalen knew or should have known that such a threat would cause Mr. Hall to forego necessary medical treatment in order to avoid serious injury or death at the hands of Officer Whalen,

7. Mr. Hall has suffered severe emotional distress as a result of the actions and threats by Officer Whalen in that Mr. Hall has undergone psychological distress, has lost sleep and has refused to go to the Union Hospital Special Unit for necessary medical treatment so as to avoid serious injury or death as threatened by Officer Whalen.

8. Mr. Hall's constitutional rights under the Eighth Amendment were violated by the actions of Officer Whalen.

9. Mr. Hall requests that he be granted compensatory damages in the amount of $100,000.00 from Officer Whalen.  Mr. Hall also requests that he be granted punitive damages in an amount equal to the compensatory damages awarded to him, up to the amount of $100,000.00.

10. Mr. Hall also requests that this Court require that Officer Whalen pay Hall's Court costs and reasonable attorney fees.

## Mr. Hall's Certification, Submission, and Jury Trial Request

I, Charles Michael Hall, do hereby request trial by jury, and do hereby attest, under penalty of perjury, that the allegations made in the foregoing are true and correct to the best of my knowledge and belief.  I do further submit this first amended petition signed by me this 9th day of March, 2021.

/s/Charles Michael Hall
CHARLES MICHAEL HALL

Respectfully submitted

//s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone:  816-213-0782
Fax:    816-635-5155
e-mail: fduchardt@yahoo.com
ATTORNEY FOR MR. HALL

## ***CERTIFICATE OF SERVICE***

I do hereby certify that a copy of the foregoing was e-mailed and posted to the following on this 12th day of March, 2021

Rachana Nagin Fischer
Assistant United States Attorney
10 W. Market St., Suite 2100
Indianapolis IN 46204
317-229-2414
Fax 317-226-5027
e-mail: Rachana.fischer@usdoj.gov

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.